**MBI MOTOR CO., INC., et al.**

v.

**LOTUS/EAST, INC. and Dutchess Auto Company.**

**Civ. A. No. 8008.**

United States District Court
E. D. Tennessee, N. D.

June 10, 1975.

Allen B. Johnson, Wallace F. Burroughs, Knoxville, Tenn., for plaintiffs.

Lea, Goldberg & Goldsmith, P.C., New York City, Harold B. Stone, Stone & Bozeman, Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is plaintiffs' "Motion to Strike Tax Lien" on the grounds that the tax lien has been satisfied and the Internal Revenue Service has failed to release plaintiffs from further liability. Plaintiffs rely on Rule 56, F.R.C.P., as the procedural basis for their motion.

This action was settled by agreement of the parties and judgment was entered for plaintiffs on April 8, 1975, in the amount of $1,500.00. Defendants paid this sum into Court and the I.R.S. levied on it May 29, 1975, for alleged taxes due and unpaid by plaintiffs. A corrected Notice of Levy was filed May 30, 1975, which indicates that plaintiffs owe $2,025.12 in back taxes.

Although not a party to the action, the Government has filed a response in which it contends that plaintiffs' motion is an impermissible attempt to enjoin the collection of federal taxes. Title 26 U.S.C. § 7421. The Government acknowledges the payment of $934.00 in taxes on behalf of plaintiff but states that the corrected Notice of Levy shows a balance still due of $2,025.12.

The purpose of Section 7421 is to permit the United States to assess and collect taxes allegedly due without judicial intervention, and to require that legal right to disputed sums be determined in a suit for refund. The Court has no jurisdiction to interfere in such matters save in extraordinary circumstances, which are not here present. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Cf. Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 filed May 19, 1975. Furthermore, the Court is aware of no authority, and plaintiff cites none, for filing a "Motion to Strike Tax Lien" under the provisions of Rule 56, F.R.C.P.

Accordingly, it is ordered that plaintiffs' motion be, and the same hereby is, denied.